UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNATIONAL SHIP REPAIR & MARINE
SERVICES, INC.,

    Plaintiff,

vs.                                       Case No.: 8:10-cv-2049-T-26AEP

THE NORTHERN ASSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

## AFFIDAVIT OF JAMES D. BRAUKMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

    BEFORE ME, this day personally appeared, James D. Braukman, who deposes and says:

    1.    My name is James D. Braukman. I am employed by Plaintiff International Ship Repair & Marines Services, Inc ("ISR") as its Executive Vice President and have been employed by ISR at all times relevant to this action. The facts set forth in this affidavit are based upon my personal knowledge and my review of regularly conducted business activity prepared and maintained by ISR in the ordinary course of its business.. I am over 18 years old and competent to testify to the contents of this Affidavit.

    2.    ISR is a full-service shipyard that repairs oceangoing tugs, barges, ships and other maritime vessels.

3. Advanced Technology, Inc. ("ATI") is a staffing company that specializes in supplying temporary workers to ship yards. On or about March 28, 2005, ISR and ATI entered into the contract (the "ATI Agreement"). A true and correct copy of the ATI Agreement is attached hereto as Exhibit "A."

4. By the ATI Agreement, ATI agreed, among other things, to supply temporary workers to ISR at such times as ISR had a need for and requested such temporary workers.

5. Pursuant to paragraph 6.c of the ATI Agreement, ATI agreed to procure liability coverage for itself and ISR as an additional named insured, as follows:

> 6.c. <u>Commercial General Liability Insurance</u>. Contractor [ATI] shall procure and maintain Commercial General Liability insurance in the amount of $1,000,000/$2,000,000, naming the Company [ISR] as an additional insured.

6. Pursuant to paragraph 6.c of the ATI Agreement, ATI in fact procured the stated liability insurance for itself and ISR through Northern. A true and correct copy of the binder indicating that ISR was an additional named insured is attached hereto as Exhibit "B."

7. A true and correct copy of the contract of insurance between ATI and ISR, on the one hand, and Northern (the "Northern Policy"), on the other, is attached hereto as Exhibit "C."

8. In or about August 2006, ISR requested that ATI provide ISR with several ship fitters pursuant to the ATI Agreement. ISR required the ship fitters for the purpose of effecting repairs on an ISR dry dock, DD-1. ISR needed the additional ship fitters from ATI for the purpose of meeting a short-term work load need.

9. Wilfredo Morales-Montalvo ("Morales-Montalvo") was among the ship fitters provided to ISR by ATI.

10. Upon information and belief, ATI had hired Morales-Montalvo on or about August 7, 2006. ATI was responsible for providing Morales-Montalvo with worker's compensation insurance, paying his payroll taxes, and providing him with income reporting documents required by the Internal Revenue Service.

11. On August 8, 2006, Morales-Montalvo arrived at ISR's ship yard facility for his second day of work at ISR's ship yard facility. At that time, ISR assigned Morales-Montalvo the temporary job of working on repairs to ISR's floating dry dock, DD-1. Morales-Montalvo's assignment with ISR would terminate immediately upon the completion of the repairs on DD-1.

12. In the afternoon of August 9, 2006, Mr. Morales-Montalvo was found unconscious on DD-1. Morales-Montalvo was taken to a hospital where he was later pronounced dead.

13. On or about April 30, 2008, the estate of Morales-Montalvo filed a wrongful death action (the "Action") against ISR. Therein, the Plaintiff in that Action seeks at least $12,000,000.00 in damages. Since that filing, ISR has vigorously contested that lawsuit.

14. Soon after Morales-Montalvo's estate initiated the Action against ISR, ISR notified ATI and Northern of that Action. ISR notified Northern of the Action, and requested a defense and confirmation of coverage, no later than July 23, 2008.

15. ISR thereafter filed a limitation of liability action in federal court ("Limitation Action"), whereby ISR seeks to limit any recovery in the Action to the value of DD-1.

16. After months of communications back and forth, Northern sent ISR's counsel a letter dated November 23, 2008, a true and correct copy of which is attached hereto as Exhibit "D." Therein, Northern agreed to provide a defense to ISR in the Action.

17. Subsequently, Northern paid ISR's legal costs from the inception of the Action through March 31, 2010. Thereafter, however, Northern has failed to pay or defend its legal costs. Since Northern's last payment for ISR's legal costs, ISR has incurred legal fees and costs in an amount in excess of $180,093.34.

18. By letter dated June 24, 2010, Northern informed ISR that it was denying any coverage for the Action. A copy of that letter is attached hereto as Exhibit "E."

19. At no time prior to the initiation of this lawsuit did Northern ever notify or otherwise advise ISR that it deemed ATI to have made material misrepresentations with respect to the risks insured by the Policy.

FURTHER AFFIANT SAYETH NAUGHT.

_James Braukman_
James Braukman

SWORN to and SUBSCRIBED before me this 31st day of October, 2011, by James Braukman, who is personally known to me or who has produced _____ _____ as identification.

_Barbara J. Connell_
NOTARY PUBLIC, STATE OF FLORIDA
Printed Name: BARBARA J. CONNELL
Commission No.: DD 747243

My Commission Expires:                        (Seal)

NOTARY PUBLIC-STATE OF FLORIDA
Barbara J. Connell
Commission # DD747243
Expires: MAR. 08, 2012
BONDED THRU ATLANTIC BONDING CO., INC.

4

QB\14945961.1