UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

CASE NO.: 8:10-cv-02049-RAL-AEP

INTERNATIONAL SHIP REPAIR
& MARINE SERVICES, INC.,

      Plaintiff,

v.

THE NORTHERN ASSURANCE
COMPANY OF AMERICA,

      Defendant.
_____/

**DEFENDANT THE NORTHERN ASSURANCE COMPANY OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT (Dispositive)
With Memorandum of Undisputed Facts and Law in Support**

COMES NOW, Defendant The Northern Assurance Company of America ("Northern"), and pursuant to F.R.C.P. Rule 56 and M.D. Local Rules 3.01, moves for the entry of this Honorable Court's Order for summary judgment in Northern's favor and against International Ship Repair & Marine Services, Inc., finding that:

> ISR is not covered under the subject Comprehensive Marine Liability Policy No.: N5JH11089, issued by Northern to its insured Advance Technology, Inc. ("ATI"), for defense and/or indemnity to ISR arising from the claim for damages for wrongful death by the Estate of Wilfred Morales-Montalvo, an employee of ATI working on the premises of ISR, which matter is filed in the Thirteenth Judicial Circuit, Hillsborough County, Florida, Case Number 07-005940, styled *Anibal Aleman, as Personal Representative for the Estate of Wilfredo Morales-Montalvo v. International Ship Repair & Marine Services*.

# STATEMENT OF MATERIAL FACTS NOT IN DISPUTE:

1. ATI, a supplier of labor for companies needing workers, entered into a Subcontractor Agreement with ship repairer ISR, on or about March 28, 2005. [D.E.. 1-2, Subcontractor Agreement, P. 8]. Pertinent provisions of the Agreement are a follows:

- Paragraph 6(a) - ATI will obtain state and USL&H worker's compensation insurance; (c) provide commercial general liability insurance for $1,000,000 / $2,000,000, and name ISR as an additional insured.

- Paragraph 7 <u>Indemnification</u>, "The Contractor (ATI) agrees to indemnify, defend and save harmless The Company (ISR), its shareholders, representatives, directors, officers, agents, vessels, employees, from and against all damage, loss or expense (including costs and attorneys fees) caused by or in any manner connected with the Work and/or the Contractor's performance thereof."

- Paragraph 9, <u>Miscellaneous Provisions</u>, (k) <u>Governing Law & Venue</u> "this Agreement shall be construed in accordance with the laws of the State of Florida ...".

[D.E.. 1-2, Subcontractor Agreement].

2. The agreement called for ATI to supply personnel to ISR "... upon request and on an as-needed, per project basis." (The "Term") [D.E. 1-2, ¶ 2].

3. ATI provided welder Wilfredo Morales-Montalvo to ISR as laborer to work aboard ISR's DryDock -1. [D.E. 1-5]. Morales-Montalvo collapsed and died while working aboard ISR's DryDock 1, on August 9, 2006. [D.E. 1-5].

4. The death was allegedly caused by heat stroke. (Ex. 1, Petition for Pure Bill of Discovery, Ex. C, "Opinion of Dep. Chief. M.E. Sam P. Gulino. M.D.," attached thereto).

ISR received a "Citation and Notification of Penalty," by the U.S. Department of Labor as a result. (Ex. 1, Petition for Pure Bill of Discovery, Ex. B, Citation, attached thereto).

5. A Petition for Pure Bill of Discovery was filed against ISR in the Thirteenth Judicial Circuit, Hillsborough County, Florida, Case Number 07-005940, styled *Anibal Aleman, as Personal Representative for the Estate of Wilfredo Morales-Montalvo v. International Ship Repair & Marine Service,* on May 17, 2007. (Ex. 1).

6. ATI demanded defense and indemnity under the policy issued to ATI,, seeking coverage as an aditional insured under ATI's Comprehensive Marine Liability Policy, Number N5JH11089. [D.E. 1-5].

7. International Marine Underwriters, on behalf of Northern, responded to the demand, agreeing to provide a defense to ISR under a Reservation of the Underwriter's rights and defenses provided under the Policy. [D.E. 1-5].

8. The reservations of the insurer was based on the Policy provisions as follows:

<u>Additional Insured and Waiver of Subrogation Endorsement (Blanket)</u>

> 1. Section IV of the Policy ("Who is an Insured?") is amended to include any person or organization that you are obligated by an "insured contract" to include as additional insureds, but only with respect to liability arising out of "your work."

[D.E. 1-5].

9. Payments for ISR's defense were terminated on or about the time the insurers sent correspondence [D.E. 1-6] to ISR's insurer declining further payments or provision of

a defense to ISR, by letter dated June 24, 2010, citing the following pertinent exclusions contained in the Policy:

> SECTION II - EXCLUSIONS
>
> 4. (a) Any liability of whatsoever nature of the Insured, whether you may be liable as an employer or in any other capacity whatsoever, to any of your "employees" including but not limited to any liability under any Worker's Compensation Law, Unemployment Compensation Law, Disability Benefit Law, USL&HCA, Jones Act, DOHSA, General Maritime Law, FELA, or any other similar laws or liabilities, and /or whether by reason of the relationship whether by reason of the relationship of master and servant or employer and employee or not;
>
> 4. (b) Any liability of whatsoever nature of the insured to the spouse, child, parent, brother, sister, relative, dependent, or estate of any of your "employees" arising out of the "bodily injury" and/or "personal injury" to said "employees" whether you may be liable as an employer or in any other capacity whatsoever.
>
> 4. (c) Any liability of whatsoever nature of the insured to any other party arising out of "bodily injury" and/or "personal injury" to any of your "employees" including but not limited to any such liability for (i) indemnity or contribution whether in tort, contract, or otherwise and (ii) any liability of such other parties assumed under contract or agreement.
>
> 4.(d) Any liability rising out of your "employees" with respect to "bodily injury" and/or "personal injury" to another of your 'employees" sustained in the course of such employment.
>
> 4. (e) Any liability of whatsoever nature which any of you directors, officers, partners, shareholders, principals, "employees" or stockholders may have to any of your "employees."
>
> SECTION IX - DEFINITIONS -
>
> 6.     "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

      9.      "Insured Contract" means:

            *****     *****     *****     *****

            f.      That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality), under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

      11.      "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."

      22.      "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

[D.E. 1-4 and 1-6].

      10.      Notwithstanding the above, an exclusion of coverage arises from the Policy's Section A, "Exclusions Applicable to Section 1," Coverages A & B, for:

> 2. "Bodily Injury" or "property damages" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not pay for liability to damages:
>
>     a.    Assumed in a contract or agreement that is an "insured contract[1]" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

---

[1] The agreement between ATI and ISR is interpreted under Florida law, and did not agree to indemnify ISR for ISR's negligence, only ATI's.

        b.        that the insured would have in the absence of the contract or agreement.

As well as under the <u>Additional Insured and Waiver of Subrogation Endorsement (Blanket)</u>[2]

        1.        Section IV of the Policy ("Who is an Insured?") is amended to include any person or organization that you are obligated by an "insured contract" to include as additional insureds, but only with respect to liability arising out of "your work;"

[D.E. 1-4].

## MEMORANDUM OF LAW

### A.    Standard for Granting Summary Judgment

A party seeking summary judgment must demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Sands v. Key West Hous. Auth</u>., 2007 U.S. Dist. LEXIS 34322, 20-22 (S.D. Fla. May 10, 2007), citations omitted.

Movants bear the initial responsibility of informing the Court of the basis for their motion and of identifying those materials which demonstrate the absence of a genuine issue of material fact. <u>Sands</u>, at 20, citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

In response to a properly supported motion for summary judgment, "the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts which show a genuine issue for trial." <u>Sands</u>, at 20-21, citing

---

[2] The Additional Insured Endorsement and the Action Over Indemnity Endorsement do not conflict with each other or extend coverage to include the negligent acts, even if ISR could be considered an "Additional Insured"

Fed. R. Civ. P. 56(e). A non-moving party failing to "make a sufficient showing on an essential element of its case with respect to which it has the burden of proof" requires the Court to enter summary judgment for the moving party. Sands, at 21, quoting Celotex Corp., at 323. The Court, however, must view the evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-movant. Sands, at 21.

"By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Sands, at 21, quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis added). "The Court is not to resolve factual issues, but may only determine whether factual issues exist. A material fact is one which "might affect the outcome of the suit under the governing law. . . ." Sands, at 21, quoting Anderson, at 248. The Court's inquiry therefore is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Sands, at 22, quoting Anderson, at 250.

### B. There Is No Coverage for ISR's Alleged Negligence Under the Policy

Neither pertinent provision of the Agreement or the Policy provides that the negligence of ISR will be defended or indemnified by ATI. ISR is not held as an additional insured because the Agreement does not purport to indemnify ISR for its negligence, only ATI's negligence.

Likewise, the Policy provides that an "additional Insured" can only be held as such if "... you are obligated by an "insured contract" to include as additional insureds, but only with respect to liability arising out of "your work." The allegations in the complaint against ISR alleged that the deceased was an employee of ATI's who died as a result of ISR's negligence. Undr the allegations, then, ISR is not covered for their own negligence. The policy does not name ISR as an additional insured. There is only a blanket endorsement. The Agreement does not provide that ATI will hold ISR harmless for ISR's negligence.

"The duty to indemnify is determined by the underlying facts of the case and not by the allegations." Koala Miami Realty Holding Co. v. Valiant Ins. Co., 913 So. 2d 25 (Fla. 3d DCA 2005), citing Hagen v. Aetna Cas. & Sur. Co., 675 So. 2d 963, 965 (Fla. 5th DCA 1996). "For this reason, just because a duty to defend may exist does not mean, at the end of the litigation, there will be a duty to indemnify." Koala Miami Realty Holding Co., 913 So. 2d 25 (additional insured status found as to party named in policy as additional insured).

Contracts purporting to indemnify a party for its own negligence are viewed with disfavor, and they will not be enforced unless they express such an intent in clear and unequivocal terms. Allianz Ins. Co. v. Goldcoast Partners, 684 So. 2d 336, 337 (Fla. 4th DCA 1996), citing University Plaza Shopping Ctr. v. Stewart, 272 So. 2d 507 (Fla. 1973); Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co., 374 So. 2d 487 (Fla. 1979).

The indemnity provision in this contract does not meet those requirements. Even if it did not contain the exception for injuries caused by ISR to the deceased, through its own

negligence. See. Allianz Ins. Co. v. Goldcoast Partners, 684 So. 2d 336, 337 (Fla. 4th DCA 1996)(the general language leading up to that exception would be insufficient to require Decor to indemnify Goldcoast for Goldcoast's own negligence. The general provision is similar to the provisions in Charles Poe and University Plaza, and they were held not to have provided indemnity against the parties' own negligence. Since Decor did not agree to indemnify Goldcoast for Goldcoast's own negligence under the contract, there was no coverage provided under the policy for Goldcoast on an insured contract.)

WHEREFORE, for the above stated reasons, The Northern Assurance Company of America prays the Court grant its Motion for Summary Judgment against International Ship Repair, and for any such other relief as is deemed just.

Dated October 31, 2011

HAYDEN, MILLIKEN & BOERINGER, P.A.

By: *Patricia Leigh McMillan Minoux*
Reginald M. Hayden, Esq.
Florida Bar No.: 097106
Patricia Leigh McMillan Minoux, Esq.
Florida Bar No.: 624543
2121 Ponce de Leon Boulevard, Suite 730
Miami, Florida 33134-5222
Telephone: (305) 662-1523
Facsimile: (305) 663-1358
Email: rhayden@hayden-milliken.com
Email: lmcmillan@hayden-milliken.com
*Attorneys for The Northern Assurance Co. of America*

*ISR v. NACA*
*Case No.: 8:10-cv-02049-RAL-AEP*

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES that on October 31, 2011, this document was electronically filed with the Clerk of the Court via CM/ECF, and that a true and correct copy hereof is being served this day on all counsel of record or pro se parties identified below, via transmission of Notices of Electronic Filing generated by CM/ECF.

            By: *Patricia Leigh McMillan Minoux*
               Patricia Leigh McMillan Minoux, Esq.
               Florida Bar No.: 624543

| | |
|---|---|
| Paul E. Parrish, Esq. | Robert B. Birthisel, Esq. |
| Kelli Ayers Edson, Esq. | Michael Joseph Bradford, Esq. |
| Steven Douglas Knox, Esq. | HAMILTON, MILLER & BIRTHISEL, LLP |
| QUARLES & BRADY LLP | 100 S Ashley Dr. |
| 101 E. Kennedy Blvd., Suite 3400 | Suite 1210 |
| Tampa, FL 33602-5195 | Tampa, FL 33602 |
| Tel.: (813) 387-0300 | Tel.: (813) 223-1900 |
| Fax: 813-387-1800 | Fax: 813/223-1933 |
| Email: paul.parrish@quarles.com | Email: rbirthisel@hamiltonmillerlaw.com |
| Email: kelli.edson@quarles.com | Email: mbradford@hamiltonmillerlaw.com |
| Email: douglas.knox@quarles.com | *Co-counsel for International Ship Repair & Marine Services, Inc.* |
| *Attorneys for International Ship Repair & Marine Services, Inc.* | |