UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNATIONAL SHIP REPAIR & MARINE
SERVICES, INC.,

    Plaintiff,

vs.                                      Case No.: 8:10-cv-2049-T-26AEP

THE NORTHERN ASSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff International Ship Repair & Marine Services, Inc., ("ISR") responds to Defendant Northern Assurance Company of America's ("Northern's") motion for summary judgment (Doc. 38) (the "Motion") and states:

**I.    INTRODUCTION**

Northern's perfunctory Motion provides two bases for summary judgment for Northern: (1) ISR is not a named, "additional insured" under the policy and (2) the policy provides no indemnification for ISR's negligence. Yet the certificate of liability insurance attached to the Motion (Doc. 38, p. 22) unmistakably proves otherwise. The certificate, which was issued and signed by Northern's authorized representative (and which Northern neither addresses nor explains in its Motion), identifies ISR as the certificate holder and states that "ISR is named as additional insured on general liability." Under prevailing and controlling precedent, the certificate provides definitive evidence of ISR's status as an

insured under the policy, which provides coverage for ISR's negligence.[1]  Accordingly, the Motion should be denied.

## II.     STANDARD OF REVIEW

Summary judgment is warranted in the absence of a "genuine dispute as to any material fact." Fed. R .Civ. P. 56(a).  The movant bears the burden of demonstrating the absence of a genuine dispute of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004), and the non-movant receives the benefit of each "reasonable inference[]." *Chapman v. Al Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).

## III.    DISCUSSION

A certificate of insurance is typically issued either by or on behalf of an insurer to third party who has not contracted with the insurer to purchase an insurance policy. *Int'l Metalizing & Coating, Inc. v. M&J Constr. Co.*, 2010 WL 3517038, *4 (M.D. Fla. 2010) (Covington, J.).  "A certificate of insurance issued by the insurer's authorized representative that names an additional insured is evidence of 'additional insured' status."  2010 WL 3517038 at *4 (citing *Nat'l Union Fire Ins. Co. v. Liberty Mut. Ins. Co.*, 2008 WL 544732

---

[1] ISR's counsel would have brought this factual issue to the attention of Northern's counsel had they conferred with ISR's counsel regarding their proposed statement of facts as required by the Court's Scheduling and Case Management Order.  Contrary to the certification in Northern's Motion, Northern's counsel never requested ISR to agree to any facts with respect to any proposed motion for summary judgment on behalf of the Defendant.  On October 31, 2011, ISR's counsel contacted Northern's counsel with ISR's proposed statement of undisputed facts.  After Northern's counsel rejected those facts in their entirety, ISR's counsel asked via email whether Northern intended to move for summary judgment and intended to confer regarding its proposed statement of facts.  In response, Northern's counsel requested ISR's consent to its pending motion to stay.  Northern's counsel simply failed to confer with ISR's counsel regarding its statement of facts.

(S.D. Fla. 2008) (Marra, J.)). If either the insurer or the insurer's agent issued the certificate, and if the certificate states that the holder is an additional insured, the insurer "cannot refuse to honor its commitment simply because it was not further documented." 2010 WL 3517038 at *4.

Factually analogous and controlling precedent (none of which Northern identifies in its Motion) aptly illustrates this principle. In *Container Corp. v. Maryland Cas. Co.*, 707 So. 2d 733 (Fla. 1998), a contractor and a plant operator entered an agreement for the contractor's installing a vacuum pump on a paper machine. *Id.* at 735. The agreement required the contractor to procure a comprehensive liability policy that named the plant operator as an additional insured. *Id.* The contractor obtained a liability policy containing an endorsement identifying the plant operator as an additional insured. *Id.* Later, an employee of the contractor sued the plant operator and alleged that the employee sustained injuries resulting from the plant operator's negligence. *Id.* The insurer sued for a declaratory judgment to determine whether the plant operator was insured against the employee's claim. *Id.* The trial court granted summary judgment for the insurer and the intermediate appellate court affirmed. *Id.*

The Florida Supreme Court reversed. *Id.* at 737. Specifically, *Container Corp.* rejects the insurer's argument that the indemnity language of the contract determines coverage. *Id.* at 735. Because the policy contains an endorsement naming the plant operator as an additional insured and because the endorsement contains no limiting language, *Container Corp.* finds that the plant operator was entitled to coverage under the policy for the plant operator's own negligence arising under the policy. *Id.*; *see also*

*National Union*, 2008 WL 544732 at *5-6 (determining based on limiting language in the certificate that the policy excluded coverage for the additional insured's negligence). Notably, *Container Corp.* rejects the insurer's reliance on *Allianz Ins. Co. v. Goldcoast Partners, Inc.*, 684 So. 2d 336 (Fla. 4th DCA 1996) (a case relied upon by Northern in Northern's motion) because "there was no indication in that case that the claimant had been named in the policy as an additional insured." *Id.* at 735 n.1.

In this instance, the certificate of liability insurance (attached to Northern's motion) contains no limiting language and names ISR as "an additional insured on general liability." (Doc. 38) The certificate is prima facie evidence of ISR's coverage under the policy for ISR's alleged negligence. Accordingly, Northern presents no arguable basis for summary judgment on ISR's status as an additional insured and fails to demonstrate the absence of a genuine dispute of material fact. The motion should be denied.

## IV. CONCLUSION

WHEREFORE, Plaintiff International Ship Repair & Marine Services, Inc. requests entry of an Order denying Defendant's Motion for Summary Judgment.

    Respectfully submitted,

    s/ S. Douglas Knox
    Paul E. Parrish
    Florida Bar No. 373117
    Kelli A. Edson
    Florida Bar No. 0179078
    S. Douglas Knox
    Florida Bar No. 849871
    QUARLES & BRADY LLP
    101 East Kennedy Blvd.
    Suite 3400
    Tampa, FL 33602-5195
    Phone: 813-387-0300

Fax: 813-387-1800
paul.parrish@quarles.com
kelli.edson@quarles.com
douglas.knox@quarles.com

Robert B. Birthisel
Florida Bar No. 906654
rbirthisel@hamiltonmillerlaw.com
Michael J. Bradford
Florida Bar No. 184314
mbradford@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, FL 33602
Phone: 813-223-1900
Fax: 813-223-1933
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Reginald M. Hayden, Jr., Esq.<br>Patricia Leigh McMillan Minoux, Esq.<br>Hayden, Milliken & Boeringer, P.A.<br>2121 Ponce De Leon Boulevard<br>Suite 730<br>Miami, FL 33134-5222 | Christopher R. Koehler, Esq.<br>Hayden, Milliken & Boeringer, P.A.<br>4923 S. West Shore Boulevard<br>Tampa, FL 33611-3329 |

s/ S. Douglas Knox

QB\15029977.2