UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**INTERNATIONAL SHIP REPAIR
& MARINE SERVICES, INC.,**

        **Plaintiff,**                  CASE NO.: 8:10-cv-02049-RAL-AEP

v.

**THE NORTHERN ASSURANCE
COMPANY OF AMERICA,**

        **Defendant.**

_____/

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes Now, THE NORTHERN ASSURANCE COMPANY OF AMERICA ("Northern"), and hereby serves its Reply to INTERNATIONAL SHIP REPAIR & MARINE SERVICES, INC.'s ("ISR") Response [D.E. 49] to Northern's Motion for Summary Judgment [D.E. 38], and would show that the Certificate of Insurance does not expand the scope of the coverage under the Policy in question, which specifically excludes claims made by the insured's employees. The blanket endorsement only indemnifies an additional insured for the negligence of the insured as to a third party claim, and the insured's employee Wilfredo Morale-Montalvo was an insured himself, not a third party as defined under the policy. The Certificate does not expand the scope of defense or indemnification provided under the Subcontractor Agreement between the insured and ISR to indemnify ISR for its negligence for the claims made against ISR by the Estate of the insured's employee.

Notwithstanding ISR's assertions regarding the meaningfulness of the Certificate[1], it is not probative of any material fact, because the Certificate does not expand coverage and ISR never relied on the Policy because it already had coverage under its own policy.

It is well settled that if the allegations in the pleadings places the claim outside of coverage, the insurer is either under no duty to defend or relieved of defending. <u>Underwriters at Lloyd's London v. STD Enters., Inc</u>., 395 F.Supp.2d 1142, 1146 (M.D. Fla. 2005) (The duty to defend ceases when it is shown that there is no potential for coverage, i.e. when there is no duty to indemnify).

An insurer's duty to indemnify, however, is determined not just by the allegations in the complaint, but also by analyzing the policy coverages in light of the actual facts of the underlying case. "While the court may not consider evidence outside the allegations of the complaint in determining the duty to defend, the court may consider such evidence in evaluating the duty to indemnify." <u>STD Enters</u>., 395 F. Supp. 2d at n8, 1147 (The duty to indemnify may be determined by consideration of evidence outside the allegations contained in the complaint)(citing <u>State Farm Fire & Casualty Co. v. Edgecumbe</u>, 471 So.2d 209, 210

---

[1] ISR's Response contains the false assertion that insurance broker Mid-Atlantic Consulting was an agent of Northern's. Mid-Atlantic was an independent broker who acted for the insured, Advance Technology, Inc. ("ATI") (See, Ex. 1, pp. 28-30, Dep. Trans. of Thomas F. Kula). Northern's corporate representative, Thomas F. Kula, attested to this at deposition, however, the transcript filed by ISR [D.E. 37-5] omits pages 28, 29, and 100, among others, where Mr. Kula stated that Mid-Atlantic acted as agent for ATI, not Northern, and that ATI's broker issued the Certificate without authority from Northern and did not notify Northern. (See, Ex. 1, p. 100, lines 8-21).

(Fla. 1st DCA 1985); Auto Owners Ins. Co. v. Travelers Cas. & Surety Co., 227 F.Supp.2d 1248, 1258 (M.D. Fla. 2002) (citing State Farm Fire & Cas. Co. v. CTC Dev. Corp. 720 So.2d 1072, 1077 n.3 (Fla. 1998)) (analyzing duty to indemnify on evidence presented outside the complaint).

**The Certificate Does Not Expand the Policy's Scope of Coverage**

The disclaimer language functions to inform the certificate holder that the certificate of insurance must be read in conjunction with the terms, conditions and exclusions of the policy. Nat'l Union Fire Ins. Co. v. Liberty Mut. Ins. Co., 2008 U.S. Dist. LEXIS 14291, 15-16 (S.D. Fla. Feb. 26, 2008). "As such, the disclaimer language may result in a scenario where a party is an insured under the policy pursuant to a certificate of insurance, but is still not entitled to coverage under the policy because the claimed loss is outside the scope of coverage for the policy or is specifically excluded." Nat'l Union Fire Ins. Co., 2008 U.S. Dist. LEXIS at 15-16, citations omitted (also discussing case law regarding indemnification language in a contract, holding that it does not impose the obligation to indemnify the indemnitee for the indemnitee's own negligence absent a clear and unambiguous language).

ISR's reliance on Container Corp. of Am. v. Md. Cas. Co., 707 So. 2d 733, 735 (Fla. 1998) is erroneous, as the policy in that case contained a broadly worded endorsement identifying Container as an additional insured and stated "Interest for operations at operations site by Southern Contractors, Inc." Id. The policy did not contain a reference to the contract

between Container Corp. and the insured, Southern Contractors. Neither of those salient facts are present in this case.

As discussed in the Motion for Summary Judgment, neither the Blanket Endorsement [D.E. 1-4, p. 9 of 45] nor the Subcontractor Agreement [D.E. 1-2] provide indemnification for ISR's negligence. Further, this case revolves around the fact that the claim against ISR was made by the Estate of Wilfred Morales-Montalvo, who was alleged in the Amended Complaint to have been an employee of Northern's insured, ATI, working under the Subcontractor Agreement. These complaints were never filed in this Declaratory Judgment action by ISR, so Northern attaches them hereto. (Ex. 2 and 3, attached hereto). The claim by the Estate for the wrongful death of ATI employee Wilfredo Morale-Montalvo was therefore not a Third Party claim but a claim by an employee of the insured against ISR. The Estate did not claim against ATI in the underlying suit, but was compensated by ATI's longshore harborworker's policy. The absence of any indemnification provision for ISR's own negligence, which is the only thing alleged in the estate's complaint, means that there was never coverage under the Northern policy for ISR.

WHEREFORE, The Northern Assurance Company of America respectfully requests this Court GRANT Northern's Motion for Summary Judgment, and for any other such relief as is deemed just.

Dated November 22, 2011

                              HAYDEN, MILLIKEN & BOERINGER, P.A.

By:   *Patricia Leigh McMillan Minoux*
       Reginald M. Hayden, Jr. (FBN 097106)
       Patricia L. McMillan Minoux (FBN 624543)
       2121 Ponce de Leon Boulevard, Suite 730
       Miami, Florida 33134-5222
       Telephone: (305) 662-1523
       Facsimile: (305) 663-1358
       e-mail: rhayden@hayden-milliken.com
       e-mail: lmcmillan@hayden-milliken.com

       Christopher R. Kohler (FBN 715131)
       4923 S. West Shore Boulevard
       Tampa, Florida 33611-3329
       Telephone: (813) 251-1770
       Facsimile: (813) 254-5436
       e-mail:ckoehler@hayden-milliken.com

## **CERTIFICATE OF SERVICE**

     THE UNDERSIGNED CERTIFIES that on November 22, 2011, this document was electronically filed with the Clerk of the Court via CM/ECF, and that a true and correct copy hereof is being served this day on all counsel of record or pro se parties identified below, via transmission of Notices of Electronic Filing generated by CM/ECF.

                            By:   *Patricia Leigh McMillan Minoux*
                                    Patricia L. McMillan Minoux (FBN 624543)

*ISR v. NACA*
*Case No.: 8:10-cv-02049-RAL-AEP*

**SERVICE LIST**

| | |
|---|---|
| Paul E. Parrish, Esq.<br>Kelli Ayers Edson, Esq.<br>Steven Douglas Knox, Esq.<br>QUARLES & BRADY LLP<br>101 E. Kennedy Blvd., Suite 3400<br>Tampa, FL 33602-5195<br>Tel.: (813) 387-0300<br>Fax: 813-387-1800<br>Email: paul.parrish@quarles.com<br>Email: kelli.edson@quarles.com<br>Email: douglas.knox@quarles.com<br>*Attorneys for International Ship Repair & Marine Services, Inc.* | Robert B. Birthisel, Esq.<br>Michael Joseph Bradford, Esq.<br>HAMILTON MILLER & BIRTHISEL, LLP<br>100 S Ashley Dr., Suite 1210<br>Tampa, FL 33602<br>Tel.: (813) 223-1900<br>Fax: (813) 223-1933<br>Email: rbirthisel@hamiltonmillerlaw.com<br>Email: mbradford@hamiltonmillerlaw.com<br>*Co-counsel for International Ship Repair & Marine Services, Inc.* |

*H:\18508\Pldg\Reply to response to NACA MSJ.wpd*