UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA - TAMPA DIVISION

INTERNATIONAL SHIP REPAIR
& MARINE SERVICES, INC.,

       Plaintiff,

v.                            CASE NO.: 8:10-cv-02049-RAL-AEP

THE NORTHERN ASSURANCE
COMPANY OF AMERICA,

       Defendant.
_____/

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Proposed Jury Instructions of the Defendant, THE NORTHERN ASSURANCE COMPANY OF AMERICA ("NORTHERN").

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES that on January 18, 2012, this document was electronically filed with the Clerk of the Court via CM/ECF, and that a true and correct copy hereof is being served this day on all counsel of record identified below, via transmission of Notices of Electronic Filing generated by CM/ECF.

By:    */s/  Patricia Leigh McMillan Minoux*
          Florida Bar No.: 624543
          HAYDEN, MILLIKEN & BOERINGER, P.A.
          2121 Ponce de Leon Boulevard, Suite 730
          Coral Gables, Florida 33134-5222
          Telephone:   (305) 662-1523
          Facsimile:    (305) 663-1358
          Email: lmcmillan@hayden-milliken.com
          *Attorneys for The Northern Assurance Company of America*

**SERVICE LIST**

Paul E. Parrish, Esq.
Kelli Ayers Edson, Esq.
Steven Douglas Knox, Esq.
QUARLES & BRADY LLP
101 E. Kennedy Blvd., Suite 3400
Tampa, FL 33602-5195
Tel.: (813) 387-0300
Fax: 813-387-1800
Email: paul.parrish@quarles.com
Email: kelli.edson@quarles.com
Email: douglas.knox@quarles.com
*Attorneys for International Ship Repair & Marine Services, Inc.*


Robert B. Birthisel, Esq.
Michael Joseph Bradford, Esq.
HAMILTON, MILLER & BIRTHISEL, LLP
100 S Ashley Dr.
Suite 1210
Tampa, FL 33602
Tel.: (813) 223-1900
Fax: 813/223-1933
Email: rbirthisel@hamiltonmillerlaw.com
Email: mbradford@hamiltonmillerlaw.com
*Co-counsel for International Ship Repair & Marine Services, Inc.*


Reginald M. Hayden, Jr., Esq.
Christopher R. Koehler, Esq.
HAYDEN, MILLIKEN & BOERINGER, P.A.
2121 Ponce de Leon Boulevard, Suite 730
Coral Gables, FL 33134
Telephone:   (305) 662-1523
Facsimile:    (305) 663-1358
Email: rhayden@hayden-milliken.com
Email: ckoehler@hayden-milliken.com
*Attorneys for The Northern Assurance Company of America*

**DEFENDANT'S JURY INSTRUCTIONS**

**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case.  By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available.**  You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was.  Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for you use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available.**  On the other hand, any exhibits admitted in evidence during the trial <u>will</u> be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown

to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

**Notetaking - Permitted.**  If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places – things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely on your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

**Notetaking - Not Permitted.**  A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like.  It is requested, however, that Jurors not take notes during the trial.

One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have the skill or experience in note taking and may not wish to do so.

* * * * *

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, no should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

[In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.]

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits

of the case favoring one side or the other.  And if I should sustain an objection that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief."  When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instructions on the law.  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for the purposes of opening statements.

Given _____

Given as Modified _____

Denied ____

Withdrawn ____

Authority: Preliminary Instructions Before Trial (Modified), Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit (2005)

**DEFENDANT'S JURY INSTRUCTIONS No. 1**

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authority**: Basic Instruction 1, Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit (2005).

**DEFENDANT'S JURY INSTRUCTION No. 2**

**Consideration Of The Evidence**
**Duty To Follow Instructions**
**Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law

makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember, that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

Given _____

Given as Modified _____

Denied ____

Withdrawn ____

**Authority**: Basic Instruction 2.2, Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit (2005).

**DEFENDANT'S JURY INSTRUCTION No. 3**

**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witnes seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from the other testimony or other evidence?

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authority**: Basic Instruction 3, Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit (2005).

**DEFENDANT'S JURY INSTRUCTION No. 4**

**Impeachment of Witnesses**
**Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other thing inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Given _____

Given as Modified _____

Denied ____

Withdrawn ____

**Authority**: Basic Instruction 4.1, Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit (2005).

**DEFENDANT'S JURY INSTRUCTION No. 5**

**Burden Of Proof When There Are Multiple Claims Or
When Both Plaintiff And Defendant Have Burden of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

Given _____

Given as Modified _____

Denied_____

Withdrawn ____

**Authority**: Basic Instructions 6.2, Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit (2005).

**DEFENDANT'S JURY INSTRUCTION No. 6**

**Whether A Contract Existed Between ISR and NORTHERN**

In this case, ISR seeks to recover from NORTHERN damages that it alleges were caused by NORTHERN's purported breach of a contract.  NORTHERN denies that there was a contract between ISR and NORTHERN, denies any breach of a contract, and denies that ISR sustained damages for which NORTHERN is liable.

In order to prevail on its breach of contract claim, ISR must first prove by a preponderance of the evidence, that there existed a valid contract between ISR and NORTHERN.

Under Florida law, to prove the existence of a contract, ISR must prove by a preponderance of the evidence the following:

**A.**     That there was an "offer;"

**B.**     And that there was an "acceptance;"

**C.**     And that there was "consideration;"

**D.**     And that there was sufficient specification of the essential terms;

**E.**     And that there was a meeting of the minds regarding the essential terms.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authority**: *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (*citing, Friedman v. New York Life Ins. Co.*, 985 S.2d 56, 58 (Fla. 4th DCA 2008)); *See, St.*

*Joe Corp. v. McIver*, 875 S.2d 375, 381 (Fla. 2004); *Duck Dog, L.C. v. Brownstar Props., LLC*, 990 S.2d 525, 529 (Fla. 2d DCA 2008)

**DEFENDANT'S JURY INSTRUCTION No. 7**

**Definition of "OFFER"**

An offer is a definite proposal to enter into a specific contract.  It is not necessary that any particular words be used.  However, an offer does not result every time a person suggests to another person the terms of a possible contract.  A person who merely suggests the terms of a possible contract may be inviting an offer from the other person.  In determining whether NORTHERN made an offer to ISR, you should determine whether a reasonable person in ISR's position, would have thought that NORTHERN was making an offer.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authority**: *C.W. Kistler Co. v. Hotel Martinique*, 44 S.2d 288 (Fla. 1950); *Miller-Dunn Co. v. Green*, 16 S.2d 637 (Fla. 1944); *Frissell v. Nichols*, 114 So. 431 (Fla. 1927); *Izadi v. Machado (Gus) Ford, Inc.*, 550 S.2d 1135 (Fla. 3d DCA 1989).

If the preponderance of the evidence does <u>not</u> prove the existence of a offer, your verdict should be for NORTHERN.

However, if the preponderance of the evidence proves the existence of a offer, then your inquiry continues as follows:

**DEFENDANT'S JURY INSTRUCTION No. 8**

**Definition of "ACCEPTANCE"**

An acceptance is a communication from one person to another person that indicates that the person making the acceptance agrees to the terms of the other person's offer.

Given _____

Given as Modified _____

Denied ____

Withdrawn ____

**Authority**: *Kendel v. Pontius*, 261 S.2d 167 (Fla. 1972).

If the preponderance of the evidence does <u>not</u> prove the existence of an acceptance, your verdict should be for NORTHERN.

However, if the preponderance of the evidence proves the existence of an acceptance, then your inquiry continues as follows:

**DEFENDANT'S JURY INSTRUCTION No. 9**

**Definition of "CONSIDERATION"**

Consideration is something of value that is given or agreed to be given in exchange for a promise.  For a valid insurance contract to be formed between ISR and NORTHERN, ISR must show by a preponderance of the evidence that it provided some type of consideration to NORTHERN in exchange for NORTHERN's promise to do or not do something.

It is not necessary that the thing of value offered by ISR be of great or even moderate value.  As long as the thing of value has some value, even if the value is slight, ISR will have provided sufficient consideration.  As long as NORTHERN has provided ISR with a promise to do or not do something, NORTHERN will have provided sufficient consideration.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authority**: *Mangus v. Present*, 135 S.2d (Fla. 1961); *Frissel v. Nichols*, 114 So. 431 (Fla. 1927); *Lines v. Smith*, 4 Fla. 47 (1851); *Wright & Seaton, Inc. v. Prescott*, 420 S2d 623 (Fla. 4th DCA 1982); *Balter v. Pan American Bank of Hialeah*, 383 S.2d 256 (Fla. 3d DCA 1980); *Venice East, Inc. v. Manno*, 186 S.2d 71 (Fla. 2d DCA 1966); *Lake Sarasota, Inc. v. Pan American Surety Co.*, 140 S.2d 139 (Fla. 2d DCA 1962); *Lamborn v. Slack*, 107 S.2d 277 (Fla. 2d DCA 1958).

If the preponderance of the evidence does <u>not</u> prove the existence of mutual consideration, your verdict should be for NORTHERN.

However, if the preponderance of the evidence proves the existence of mutual consideration, then your inquiry continues as follows:

**DEFENDANT'S JURY INSTRUCTION No. 10**

**ESSENTIAL TERMS**

To enter into a binding contract, the parties must specify the essential terms of the contract.  Without sufficient specification of the essential terms, there can be no enforceable contract.

Under Florida law, the essential terms of an insurance contract are 1) the subject matter, 2) the risk insured against, 3) the amount of insurance, 4) the rate of premium, 5) the duration of the risk, and 6) the identity of the parties.

For a valid insurance contract to have been formed between ISR and NORTHERN, ISR must show by a preponderance of the evidence that all of the essential terms of the insurance contract were specified.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authority**: *Collins v. Aetna Ins. Co.*, 103 Fla. 848, 850 (Fla. 1931)

If the preponderance of the evidence does <u>not</u> prove that all essential terms were specified, your verdict should be for NORTHERN.

However, if the preponderance of the evidence proves that prove that all essential terms were specified, then your inquiry continues as follows:

**DEFENDANT'S JURY INSTRUCTION No. 11**

**MEETING OF THE MINDS**

To enter into a binding contract, there must be a meeting of the minds on each essential term, in other words, there must be mutual or reciprocal assent to certain and definite propositions.  Without a meeting of the minds on each essential terms, there can be no enforceable contract.

For a valid insurance contract to have been formed between ISR and NORTHERN, ISR must show by a preponderance of the evidence that there was a meeting of the minds on each essential term of the insurance contract between ISR and NORTHERN.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authority**: *Duck Dog, L.C. v. Brownstar Props., LLC*, 990 S.2d 525, 529 (Fla. 2d DCA 2008); *Goff v. Indian Lake Estates, Inc.*, 178 S.2d 910, 912 (Fla. 2d DCA 1965).

If the preponderance of the evidence does <u>not</u> prove that there was a meeting of the minds on each essential term, your verdict should be for NORTHERN.

However, if the preponderance of the evidence proves that prove there was a meeting of the minds on each essential term, then your inquiry continues as follows:

**DEFENDANT'S JURY INSTRUCTION No. 12**

**Performance of Obligations or Legal Excuse for Nonperformance
As Conditions Precedent to Claim for Breach of Contract**

In order for ISR to maintain an action for breach of contract, ISR must first prove its performance of its obligations under the contract or a legal excuse for its nonperformance, by a preponderance of the evidence.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authority**: *Rollins, Inc. v. Butland*, 951 S.2d 860, 876 (Fla. 2d DCA 2006); *See, Old Republic Ins. Co. v. Von Onweller Constr. Co.*, 239 S.2d 503, 505 (Fla. 2d DCA 1970).

If the preponderance of the evidence does <u>not</u> prove that ISR performed its obligations under the contract or has a legal excuse for its nonperformance, your verdict should be for NORTHERN.

However, if the preponderance of the evidence proves that ISR performed its obligations under the contract, or proves it has a legal excuse for its nonperformance, then your inquiry continues as follows:

**DEFENDANT'S JURY INSTRUCTION No. 13**

**Breach of Contract**

If you find that all of the elements of a contract existed and that ISR proved its performance of its obligations under the contract or a legal excuse for its nonperformance, all by a preponderance of the evidence; then your inquiry continues as to whether NORTHERN breached the contract with ISR.

Under Florida law, nonperformance of a contractual obligation does not constitute a breach of contract if such nonperformance is subject to legal excuse. To prove breach of contract, ISR must show that NORTHERN failed to perform what was required by the contract and that such nonperformance is not subject to a legal excuse, by a preponderance of the evidence.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authority**: *Rollins, Inc. v. Butland*, 951 S.2d 860, 876 (Fla. 2d DCA 2006); *Knowles v. C.I.T. Corp.*, 346 S.2d 1042 (Fla. 1st DCA 1977); *See, Biloki v. Majestic Greeting Card Co.*, 33 S.3d 815, 820 (Fla. 4th DCA 2010); *See, Vital Indus. v. Burch*, 423 S.2d 1023, 1023-24 (Fla. 4th DCA 1982); *Fla. Dep't. of Health & Rehabilitative Svcs. v. Southern Energy, Ltd.*, 524 S.2d 1093, 1094 (Fla. 1st DCA 1988)

If the preponderance of the evidence does <u>not</u> prove a breach of contract, your verdict should be for NORTHERN.

However, if the preponderance of the evidence proves a breach of contract, then your inquiry continues as follows:

**DEFENDANT'S JURY INSTRUCTION No. 14**

**Materiality of Breach**

Under Florida law, in order to maintain its action for breach of contract, ISR must show that the breach was sufficient to constitute a material breach of the contract.  In other words, NORTHERN's breach or nonperformance must be such as to go to the essence of the contract; NORTHERN's failure to perform some minor part of its contractual duty cannot be classified as a material breach.

In order for ISR to maintain an action for breach of contract, ISR must also prove by a preponderance of the evidence, that NORTHERN's breach was "material."

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authority**: *Sublime, Inc. v. Boardman's,* Inc., 849 S.2d 470, 471 (Fla. 4th DCA 2003); *See, Beefy Trail, Inc. v. Beefy King Int'l., Inc.*, 267 S.2d 853, 857 (Fla. 4th DCA 1972); *Rollins, Inc. v. Butland*, 951 S.2d 860, 876 (Fla. 2d DCA 2006)

If the preponderance of the evidence does <u>not</u> prove that NORTHERN's breach of contract was "material," your verdict should be for NORTHERN.

However, if the preponderance of the evidence proves that NORTHERN's breach of contract was "material," then your inquiry continues as follows:

**DEFENDANT'S JURY INSTRUCTION No. 15**

**Damages Resulting from the Material Breach of Contract**

If you find that there was a material breach of a contract, ISR must prove by a preponderance of the evidence, the damages flowing from the material breach.

Given _____

Given as Modified _____

Denied ____

Withdrawn ____

**Authority**: *See, Rollins, Inc. v. Butland*, 951 S.2d 860, 876 (Fla. 2d DCA 2006); *Fla. Dep't. of Health & Rehabilitative Svcs. v. Southern Energy, Ltd.*, 524 S.2d 1093, 1094 (Fla. 1st DCA 1988).

If the preponderance of the evidence does <u>not</u> prove the damages flowing from the material breach, your verdict should be for NORTHERN.

However, if the preponderance of the evidence proves the damages flowing from the material breach, then your inquiry continues as follows:

**AFFIRMATIVE DEFENSES**

If a preponderance of the evidence does support ISR's claim for breach of insurance contract, you will then consider the affirmative defenses raised by NORTHERN.

**DEFENDANT'S JURY INSTRUCTION No. 16**

**SECOND AFFIRMATIVE DEFENSE**

On the second defense, the issue for your determination is whether ATI failed to disclose, concealed, or misrepresented facts that were material to the risks underwritten by NORTHERN, and which are material to the underlying claims.

The Subject Policy, in Section VIII - GENERAL CONDITIONS, (13.) Representations, at page 23, contains the following provisions:

    **13.**    **Representations**

        **By accepting this insurance policy, you agree:**
        **a.**    **The statements in the Declarations are accurate and complete;**
        **b.**    **Those statements are based upon representations you made to us; and**
        **c.**    **We have issued this policy in reliance upon your representations.**

In the cover letter for ATI's July 18, 2005 application for Marine Comprehensive Liability Insurance at Pages 1-2, includes, in pertinent part, the following information about ATI's business:

**"The owner is an experienced and seasoned marine contractor who ... has contracts in place with METRO MACHINE, NORSHIPCO, NEWPORT NEWS, and Earl Industry... The scope of the work is shipboard plumbing, including the Installation, removal, and repair of associated piping systems as a down river marine contractor.  Their primary customers are local shipyards doing business with the U.S. Government/Department of Defense.**

**They operate from one location in Newport News, VA.  The services that they perform include marine shipboard plumbing.  This includes the piping and related fixtures for plumbing, heating, and cooling systems."**

ATI's application for Marine Comprehensive Liability Insurance also contains

the following sections, in pertinent part:

**...5.  DESCRIPTION OF OPERATIONS**

**NATURE OF BUSINESS/COMPLETE DESCRIPTION OF OPERATIONS:**
**(Answer: "Marine Plumbing to include Heating, Air Conditioning, and Refrigeration piping on board vessels for the U.S. Government.")**

**...13.  GENERAL INFORMATION (EXPLAIN ALL "YES" RESPONSES) - (CONTINUED):**

**LIST THE PRINCIPAL STATES AND/OR OTHER LOCATIONS IN WHICH OPERATIONS ARE CONDUCTED:**
**(Answer: "Virginia, Mississippi, Alabama")**

**14.    LEASED/TEMPORARY WORKERS/ SUBCONTRACTORS**

**a.    DOSE [sic] THE APPLICANT UTILIZE?**

**LEASED WORKERS    (Answer:  "X"  NO);**
**TEMPORARY WORKERS  (Answer:  "X"  NO);**

### SUBCONTRACTORS        (Answer:  <u>"X"</u>  YES)...

Under Florida law, the application for insurance, and its statements become part of the contract of insurance.  Every application must be made in utmost good faith, and the representations contained in such application are convenanted to be true by the applicant.  Substantial truth in everything material to the risk is required of the applicant.  Any variation by which the nature, or extent, or character of the risk is changed will void the policy.  Where an answer of the applicant to a direct question of the insurers purports to be a complete answer to the question, any substantial misstatement or omission in the answer avoids the policy issued on the faith of the application.  Whether answers to questions on an insurance application are truthful, is a question for the jury.

The law provides that contracts of marine insurance require the parties to exercise the most abundant good faith toward one another, and this obligation requires the party seeking insurance to disclose all facts and circumstances which are material to the risk and not within the knowledge of both parties.

Materiality in this regard is that which could possibly influence the mind of a prudent and intelligent insurer in determining whether it would accept the risk; and concealment of such facts voids the policy, whether the concealment be due to fraud, negligence, accident or mistake.

ISR must prove, by a preponderance of the evidence, that answers to all questions in the application for insurance which purport to be complete answers:
1)  are substantially true and disclose all facts and circumstances that are material

to the risk; 2)  do not change the nature, or extent, or character of the risk; and 3)

do not contain any substantial misstatement or omission, regardless of whether by

fraud, negligence, accident or mistake.

Given _____

Given as Modified _____

Denied ____

Withdrawn ____

**Authority:** *Aetna Life Ins. Co. v. Moore*, 231 U.S. 543, 553 (1913); *Kilpatrick Marine Piling v. Fireman's Fund Ins. Co.*, 795 F.2d 940, 942-43 (11th Cir. 1986).

If the preponderance of the evidence supports this defense, your verdict

should be for NORTHERN.

However, if the preponderance of the evidence does not support this

defense, then you shall consider the third defense raised by NORTHERN.

**DEFENDANT'S JURY INSTRUCTION No. 17**

**FOURTH AFFIRMATIVE DEFENSE**

On the fourth defense, the issue for your determination is whether ISR's claim should be barred, in whole or in part, to the extent that any contract between ATI and ISR does not specify, promise or agree that ATI will indemnify ISR for ISR's own negligence.

Under Florida law, in order for a contract to require that a subcontractor indemnify a contractor for the contractor's own negligence, the contract must express the intent to do so in clear and unequivocal terms; general language requiring that a subcontractor provide indemnity to a contractor, is not sufficient.

The claim in the underlying wrongful death case alleges only the negligence of ISR, and it does not assert any negligence on ATI's part.  In order for ISR to prove that it is entitled to indemnity for its own negligence under its contract with ATI, ISR must prove, by a preponderance of the evidence, that the Subcontractor Agreement between ISR and ATI included ATI's specific promise and agreement to indemnify ISR for it's own negligence.

Given _____

Given as Modified _____

Denied ____

Withdrawn ____

**Authority:** *National Union Fire Ins. Co. v. Liberty Mutual Ins. Co.*, 2008 U.S. Dist. LEXIS 62122 (S.D.Fla. 2008); *University Plaza Shopping Ctr. v. Stewart*, 272 S.2d 507, 509 (Fla. 1973).

If the preponderance of the evidence supports this defense, your verdict should be for NORTHERN.

However, if the preponderance of the evidence does not support this defense, then you shall consider the fifth defense raised by NORTHERN.

**DEFENDANT'S JURY INSTRUCTION No. 18**

**SEVENTH AFFIRMATIVE DEFENSE**

On the seventh defense, there are two issues for your determination as follows:

1)      is whether Wilfredo Morales-Montalvo was an employee of ATI as well as a leased employee of ISR, at all material times.

The Subject Policy at Section IX - DEFINITIONS, pp. 25-26, contains the following, in pertinent part:

> **...6.    "Employee" includes a "leased worker".**

> **...11.   "Leased worker" means a person leased to you by a labor leasing firm under agreement between you and the labor leasing firm, to perform duties related to the conduct of your business.**

To show that Mr. Morales-Montalvo was a leased worker, NORTHERN must show by a preponderance of the evidence,

1) that ATI employed Mr. Morales-Montalvo;

2) that ATI was a labor leasing firm;

3) that Mr. Morales-Montalvo was leased to ISR by ATI;

4) that Mr. Morales-Montalvo was hired to perform duties related to the conduct of ISR's business;

Under Florida law, a company who is in the business of placing its employees at client companies for varying lengths of time in exchange for a fee, is a "labor leasing firm."  A company "leases" a worker to a client when it gives the client the

right to use the worker's services for a period of time in exchange for a fee.

**Authority:** *Pacific Employers Ins. Co. v. Berman Bros., Inc.*, 2007 U.S. Dist. LEXIS 73594, 28-30 (M.D. Fla. 2007).

and 2) is whether Wilfredo Morales-Montalvo was a temporary employee of ISR, at all material times.

The Subject Policy at Section IX - DEFINITIONS, pp. 25-26, contains the following, in pertinent part:

>**...6. ..."Employee" does not include a "temporary worker"...**
>
>**...11. ..."Leased worker" does not include a "temporary worker"...**
>
>**...22. ..."Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.**

To show that Mr. Morales-Montalvo was not a temporary employee of ISR, at all material times, NORTHERN must show, by a preponderance of the evidence, 1) that Mr. Morales-Montalvo was not hired to substitute for a permanent employee of ISR's who was on leave; 2) that Mr. Morales-Montalvo was not hired to meet seasonal workload conditions; 3) that Mr. Morales-Montalvo was not hired to meet short-term workload conditions.

Under Florida law, hiring an employee for short-term workload suggests a period of time that is relatively brief and finite, to finish a specific project or responding to an unexpected temporary demand in goods or services; and short-

term cannot mean indefinite, or open-ended.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authority:** *Pacific Employers Ins. Co. v. Berman Bros., Inc.*, 2007 U.S. Dist. LEXIS 73594, 28-30 (M.D. Fla. 2007).

**DEFENDANT'S JURY INSTRUCTION NO. 19**

**LIABILITY OF PRINCIPAL FOR AGENT'S NEGLIGENCE**

On ISR's claim, there is a preliminary issue for you to decide.  That issue is whether Mid Atlantic Consulting, PLLC ("Mid Atlantic") was an apparent agent of NORTHERN and was acting within the scope of its apparent authority at the time and place of the incident in this case.  An agent is an entity who is employed to act for another, and whose actions are controlled by its employer or is subject to its employer's right of control.  Mid Atlantic was an apparent agent if NORTHERN by its words or conduct caused or allowed ISR to believe that Mid Atlantic was an agent of and had authority to act for NORTHERN, and if ISR justifiably relied upon that belief in dealing with Mid Atlantic as the agent of NORTHERN.  An entity who is responsible for the negligence of its apparent agent occurring while the apparent agent, is acting within the scope of its apparent authority.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authorities:** *Fla. Std. Jury Instr. (Civ.) 401.14(b)(2)*; *Nazworth v. Swire Florida, Inc.*, 486 S.2d 637 (Fla. 1st DCA 1986); *Fort Myers Airways v. American States Ins.*, 411 S.2d 883 (Fla. 2d DCA 1982); *Jaar v. University of Miami*, 474 S.2d 239 (Fla. 3d DCA 1985); *Int'l. U. Of Operating Engineers v. Long*, 362 S.2d 987 (Fla. 3d DCA 1978); *Gates v. Utsey*, 177 S.2d 486 (Fla. 1st DCA 1965); *King v. Young*, 107 S.2d 751(Fla. 2d DCA 1958); *General Motors Acceptance Corp. v. Lynch Bldg. Corp.*, 118 Fla. 2, 159 (Fla. 1935).

**DEFENDANT'S JURY INSTRUCTION NO. 20**

**CREATION OF AGENCY**

The next issue for your determination is whether an agency relationship existed between NORTHERN, and Mid Atlantic Consulting, PLLC ("Mid Atlantic") at the time of the incident complained of.  An agent is an entity who is employed to act for another, and whose actions are controlled by its employer or are subject to the employer's right of control.  An agency relationship is created by the consent or agreement of two parties that permits one to act for and on behalf of the other in dealings with third persons.  The agreement may be either written or oral, or the agreement may be implied from the circumstances.

If you determine that NORTHERN authorized Mid Atlantic to act as its agent either expressly, in writing or orally, or impliedly in that NORTHERN held out to others that Mid Atlantic was an agent of NORTHERN's, then you should find that Mid Atlantic was NORTHERN's agent.

Given \_\_\_\_\_

Given as Modified \_\_\_\_\_

Denied \_\_\_\_

Withdrawn \_\_\_\_

**Authorities:** *Thomkin Corp. v. Miller*, 24 S.2d 48 (1945); *Quinn v. Phipps*, 93 Fla. 805, 113 So. 419 (1927).

**DEFENDANT'S JURY INSTRUCTION NO. 21**

**SCOPE OF AGENT'S AUTHORITY**

The next issue for your determination is whether Mid Atlantic Consulting, PLLC ("Mid Atlantic") at the time of the incident complained of, was acting within its authority as agent of NORTHERN.  A principal is responsible for the negligence of its agent if such negligence occurs while the agent is performing acts that are within the authority the principal explicitly gave to the agent: either in writing or orally or impliedly, from circumstances such as the parties' past dealings with each other. A principal is also responsible for the negligence of its agent if such negligence occurs while the agent is performing acts that are within the authority the principal permitted the agent to believe it possessed

You should find that Mid Atlantic was acting within the scope of its authority only if you determine:

(1)   That, at the time of the incident complained of, Mid Atlantic was performing the acts that it had been engaged by NORTHERN to perform, or was performing acts reasonably necessary to the accomplishment or performance of the authority delegated to it by NORTHERN.

(2)   Or that, at the time of the incident complained of, Mid Atlantic was acting at least in part because of a desire to serve the interests of NORTHERN and was doing something reasonably incidental to its authority as agent or was doing something that was reasonably

foreseeable and reasonably to be expected of persons similarly engaged.

If you determine that Mid Atlantic, at the time of the incident complained of, was acting outside the scope of its authority granted by NORTHERN, then your verdict should be for NORTHERN.  However, if you find that Mid Atlantic was acting within the scope of its authority, then your verdict should be for ISR.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authorities:** *Donner v. Morse Auto Rentals, Inc.*, 147 S.2d 577, 579 (fla. 3d DCA 1963); *see Favalorn v. Sidaway*, 995 S.2d 1133 (Fla. 4th DCA 2008); *Phillips Petroleum Co. v. Royster*, 256 S.2d 559, 560-61 (Fla. 1st DCA 1972).

**DEFENDANT'S JURY INSTRUCTION NO. 22**

**RATIFICATION OF UNAUTHORIZED ACTS**

The next issue for your determination is whether NORTHERN ratified the act of Mid Atlantic Consulting, PLLC ("Mid Atlantic"), their issuance of the Certificate of Insurance, in this case.  The court instructs you that, even if the act of an agent is outside the scope of the agent's actual or apparent authority, the principal is liable for the agent's act if the act is subsequently ratified by the principal.  Ratification is the intent to affirm and receive the full benefit from the agent's act.  You should find that NORTHERN ratified the act of Mid Atlantic if you determine that NORTHERN was fully informed that Mid Atlantic had issued the Certificate of Insurance to ISR, and NORTHERN approved of it.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authorities:**  *Toeffel v. Buagher,* 111 S.2d 290 (Fla. 2d DCA 1959); *Reece v. Ebersbach*, 152 Fla. 763, 9 S.2d 805 (1942).

**DEFENDANT'S JURY INSTRUCTION No. 23**

**Duty To Deliberate
When Only The Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are the judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

Given _____

Given as Modified _____

Denied ____

Withdrawn ____

**Authority**: Basic Instruction 7.1, Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit (2005).

## DEFENDANT'S JURY INSTRUCTION No. 24

### Election Of Foreperson
### Explanation Of Verdict Forms

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

Forms of verdict have been prepared for your convenience.

[Explain verdict]

You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Given _____

Given as Modified _____

Denied ____

Withdrawn ____

**Authority**: Basic Instruction 8, Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit (2005).

## DEFENDANT'S JURY INSTRUCTION No. 25
### <u>Civil Allen Charge</u>

Members of the jury, I'm going to ask that you continue your deliberations in an effort to reach agreement upon a verdict and dispose of this case; and I have a few additional thoughts or comments I would like for you to consider as you do so.

This is an important case.  The trial has been expensive in terms of time, effort, money and emotional strain to both the plaintiff and the defense.  If you should fail to agree on a verdict, the case is left open and may have to be tried again.  A second trial would be costly to both sides, and there is no reason to believe that the case can be tried again, by either side, better or more exhaustively than it has been tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen, and there is no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced on behalf of either side.

As stated in my previous instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment.  Of course, you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict.  Each of you must decide the case for yourself, but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced it is wrong.  To bring your minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard to the opinions of others and with a disposition to reexamine your own views.

If a substantial majority of your number are for a verdict for one party, each of you who hold a different position ought to consider whether your position is a reasonable one since it makes so little impression upon the minds of so many equally honest and conscientious fellow jurors who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and consider all the evidence in the case bearing upon the questions before you in light of the court's instructions on the law.

You may be as leisurely in your deliberations as the occasion may require and you may take all the time that you may feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.

You may now retire and continue your deliberations.

Given _____

Given as Modified _____

Denied _____

Withdrawn _____

**Authority**: Basic Instruction 9, Pattern Jury Instructions, Civil Cases, U.S. Eleventh
Circuit (2005).