**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

INTERNATIONAL SHIP REPAIR & MARINE
SERVICES, INC.,

    Plaintiff,

v.                                                              CASE NO: 8:10-cv-2049-T-26AEP

THE NORTHERN ASSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion for New Trial and supporting memorandum (Dkts. 124 & 125), Plaintiff's Response in Opposition (Dkt. 128), and Defendant's Reply. (Dkt. 136). After careful consideration of the arguments, the applicable law, and the record, the Court concludes that the motion should be denied.

Defendant requests a new trial on essentially three grounds: (1) improper jury instructions; (2) admission of evidence of the settlement agreement between Plaintiff (ISR) and Mr. Morales-Montalvo's estate; and (3) the failure to consider the issue of "other insurance" under the policy. First, the argument concerning the jury instructions lacks merit. The Court's instruction on the rules of construction for an insurance policy was not an incorrect statement of the law as it was necessarily given for the jury to

determine the facts surrounding the ambiguity of "short-term work load condition" in the definitions of "leased worker" and "temporary worker" in the policy.  Second, the admission of the settlement agreement between ISR and the Morales-Montalvo estate, as well as the attorneys' fee invoices of ISR, does not constitute grounds for a new trial. The settlement agreement, objected to on the grounds of relevancy, was relevant to show that ISR suffered damages connected with the settlement of the claims brought by the estate, even though a portion of those damages is contingent upon ISR's prevailing in this lawsuit.  The attorneys' fee invoices were admitted through a witness who testified that he personally reviewed the invoices, which were kept in the normal course of business by ISR.  Defendant has failed to show any ground for the granting of a new trial based on the admission of this evidence.

Finally, the affirmative defense of "other insurance" was properly excluded by the Court after the scheduling order was entered.  The Defendant asserts that the Court should have heard in a bench trial the issues of rescission, which is the subject of a lawsuit pending elsewhere, and whether Mr. Morales-Montalvo was a borrowed employee, thereby giving ISR employer immunity because he would have been an employee of ATI and not covered under the policy.  The record supports the Court's finding that it was too late to amend the pleadings to add the affirmative defense of "other insurance" and Defendant has not asserted grounds to support a new trial, given the Court's finding that

Federal Rule of Evidence 403 warranted evidence of the lawsuit on the rescission being excluded.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for New Trial (Dkt. 124) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on March 27, 2012.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record