UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNATIONAL SHIP REPAIR &
MARINE SERVICES, INC.,

    Plaintiff,

v.                                      CASE NO: 8:10-cv-2049-T-26AEP

THE NORTHERN ASSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

**O R D E R**

Before the Court is Plaintiff's Motion for Attorneys' Fees with exhibits attached (Dkt. 120), Defendant's Notice of Opposition (Dkt. 131), and Plaintiff's Reply. (Dkt. 135). After careful consideration of the submissions of the parties and the applicable law, the Court concludes that motion should be granted.

Plaintiff seeks attorneys' fees in the amount of $300,566.50, pursuant to section 627.428, Florida Statutes.[1] Section 627.428 provides for attorneys' fees to the prevailing insured in a coverage case. Defendant does not contest the reasonableness of the fees, but rather contests entitlement to the fees. Defendant contends that because the policy was

---

[1] In this case based on diversity jurisdiction, the determination of a reasonable attorney's fee is governed by state law. See All Underwriters v. Weisberg, 222 F.3d 1309, 1311-12 (11th Cir. 2000).

issued for delivery or delivered to its insured, Advanced Technology, Inc. (ATI) in Virginia, the safe harbor provision of the statute applies to bar recovery of fees. See Wilmington Trust Co. v. Manufacturers Life Ins. Co., 749 F.2d 694, 699-700 (11th Cir. 1985) (reciting that safe harbor provision of section 627.401(2)[2] applies only to contracts delivered or issued for delivery in Florida). This argument is without merit.

The evidence at trial established that the certificate of liability insurance was delivered to Plaintiff as an additional insured in Florida. Section 627.402(1)[3] specifically defines policy to include a "certificate thereof." Plaintiff is correct that the cases cited by Defendant do not apply to situations in which an additional insured under the policy, such as Plaintiff in this case, is issued a certificate of insurance and receives such certificate in Florida. The Eleventh Circuit has noted that in circumstances where the actual insurance policy has been delivered to an insured outside Florida, "but some evidence of insurance (such as an insurance certificate) is delivered to the insured who resides in Florida, the policy is held to have been delivered in Florida for purposes of the Florida insurance

---

[2] Section 627.401(2) provides as follows:
No provision of this part of this chapter applies to:
. . . .
(2) Policies or contracts not issued for delivery in this state nor delivered in this state, except as otherwise provided in this code.

[3] Section 627.402(1) provides as follows:
"Policy" means a written contract of insurance or written agreement for or effecting insurance, or the certificate thereof, by whatever name called, and includes all clauses, riders, endorsements, and papers which are a part thereof.

statutes." Windward Traders, Ltd. v. Fred S. James & Co., 855 F.2d 814, 819 n.7 (11th Cir. 1988). In this case, the additional insured, ATI, resided in Florida, where the certificate of insurance was received.

The Court, having reviewed the submissions concerning the reasonable of the fees and having applied the factors of Rowe[4] to this case, finds the amount as explained and set forth by Plaintiff to be a reasonable attorneys' fee given the conduct of this case.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion for Attorneys' Fees (Dkt. 120) is **GRANTED.**

(2) The Clerk is directed to enter a final attorneys' fees judgment in favor of Plaintiff in the amount of $300,566.50.

(3) The Clerk is directed to terminate any pending motions and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on March 28, 2012.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record

---

[4] Florida Patient's Comp. Fund v. Rowe, 472 So.2d 1145, 1150-51 (Fla. 1985). Florida has adopted the federal lodestar approach for determining reasonable fee awards. Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1148 (11th Cir. 1993); Newman v. Ormond, 396 Fed.Appx. 636, 640 (11th Cir. 2010) (unpublished opinion).