UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNATIONAL SHIP REPAIR &
MARINE SERVICES, INC.,

    Plaintiff,

v.                                          CASE NO: 8:10-cv-2049-T-26AEP

NORTHERN ASSURANCE COMPANY OF AMERICA,

    Defendant.
_____/

**O R D E R**

Pending before the Court is Defendant's Motion to Set Aside Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(2) or Alternatively, Under Rule 60(b)(6). Plaintiff has filed a response in opposition to the motion. After careful consideration of the parties' submissions, the Court concludes that the motion is due to be denied.[1]

Defendant's primary argument in support of relief from the judgment previously rendered against it in this case is premised on the fact that on April 18, 2012, the United States District Court for the Eastern District of Virginia entered a consent judgment based on stipulated facts which determined that the Defendant's underlying policies of insurance at issue in this case were

---

[1] Because jurisdiction is still vested with the Eleventh Circuit Court of Appeals, the Court, under Federal Rule of Civil Procedure 62.1(a), has three options: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

" void *ab initio* and otherwise unenforceable."[2] In light of this judgment, Defendant contends that "[h]ad Northern Assurance been able to introduce the Stipulation and Consent Order at trial, the jury would not have decided the issue of coverage at all." Defendant claims, therefore, that "International Ship has no right to insurance coverage under a policy that is void *ab initio* and unenforceable in any respect." In Defendant's view, if the stipulated consent judgment had existed at time of trial, the issue of coverage would have been decided adversely to Plaintiff as a matter of law.

Unfortunately for Defendant, the Eleventh Circuit Court of Appeals has rendered an unpublished decision in this case this day which unequivocally undermines Defendant's position and supports Plaintiff's position that " Northern has made no showing that the stipulated judgment is binding on Plaintiff or otherwise has any preclusive effect in this proceeding."[3] In affirming this Court's denial of the motion to stay these proceedings pending the outcome of the Virginia proceeding, the Eleventh Circuit determined that Defendant had failed to cite any authority supporting the proposition "that a favorable result for Northern Assurance in the Virginia action would preclude recovery by International Ship in this case."[4] The Court concluded, therefore, that Plaintiff was not bound by any judgment rendered in the Virginia proceeding, citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 327 n.7, 99 S.Ct. 645, 649 n.7 (1979) and Wilson v. Attaway, 757 F.2d 1227, 1237 (11th Cir. 1985).[5] In light of this conclusion

---

[2] See attachment to Defendant's motion.

[3] See docket 153.

[4] See id., pg. 4.

[5] See id.

by the Eleventh Circuit, it legally follows that Defendant's Motion to Set Aside Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(2) or Alternatively Under Rule 60(b)(6) (Dkt. 150) is denied.

**DONE AND ORDERED** at Tampa, Florida, on January 3, 2013.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record